Mr. Justice ThacheR.
delivered the opinion of the court.
This is an action of detinue for the recovery of certain slaves. Upon the trial in the circuit court, the plaintiffs offered, in evidence, a copy of a will, duly attested under the act of congress on the authentication of records, which will purported to have been duly probated in the state of Virginia, and under which will the plaintiffs claimed title as devisees and the heirs of devi-sees. The circuit court refused to admit this instrument in evidence, because there was no proof that the will had been proved and admitted to record in any probate court in the state of Mississippi.
Before any testamentary paper can be admitted in evidence, it must receive probate of the proper court. This is the general rule. The case of Armstrong v. Lear, 12 Wheat. 169, quoted by the counsel of the defendant in error, was a suit instituted against the administrator of General Kosciusko, but the will did not appear to-have been admitted to probate, either in France *81 or in the District of Columbia, where the suit was instituted. Judge Story said, “it is one thing to possess proofs, which may be sufficient to establish, that a testamentary instrument had been executed in a foreign country, under circumstances which ought to give it legal effect here; and quite a different thing, to ascertain what is the proper tribunal here, by which those proofs may be examined, for the purpose of pronouncing a judicial sentence thereon.” The case before us is, however, widely different. The will had been duly probated in one of the states of the union, and was admissible in evidence by virtue of the act of congress of May 26, 1790, prescribing the mode in which the public acts, records, and judicial proceedings in each state, shall be authenticated so as to take effect in every other state.
We cannot think that the statute of this state, How. & Hutch. 388, $> 13, was designed to establish a rule of evidence in circumstances like this, or that it could do so in face of the act of congress. It seems to have been enacted for a different purpose.
Evidence of the kind here objected to has been repeatedly admitted in our courts without question, nor do we see that any objection to it can reasonably be started. Newell v. Newell et al. 9 S. & M. 56.
Judgment reversed and new trial granted in Adams county circuit court. x